OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213-239-9800
Facsimile:  213-239-9045

Attorneys for Defendant
DTPS C-12, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rafael Arroyo,<br><br>Plaintiff,<br><br>v.<br><br>DTPS C-12, LLC, a California Limited Liability Company; and Does 1-10,<br><br>Defendants. | Case No. 5:21-cv-00023-JWH (SPx)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. RULE 12(B)(6)**<br><br>[*Filed concurrently with Notice of Motion and Motion to Dismiss; Request for Judicial Notice*]<br><br>Date:           June 11, 2021<br>Time:           9:00 a.m.<br>Place:          Courtroom 2<br><br>Complaint Filed: October 7, 2020<br>Trial Date:       None<br>District Judge:   Hon. John W. Holcomb<br>                  Courtroom 2, Riverside<br>Magistrate Judge: Hon. Sheri Pym<br>                  Courtroom 3, Riverside |

Case No. 5:21-cv-00023-JWH (SPx)

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

46657744_2.docx

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION ................................................................ 1

II.  PLAINTIFF'S COMPLAINT ............................................ 5

III.  LEGAL STANDARDS ...................................................... 5

IV.  PLAINTIFF'S ALLEGATIONS FAIL TO STATE A CLAIM UNDER THE ADA OR UNRUH ACT .................................. 6

  A.  The Website Complies with 28 C.F.R. § 36.302(e). ...................... 7

    1.  The Department of Justice's Guidance On Section 36.302(e), Which Recognizes Section 36.302(e)'s Inherent Ambiguity, Is Entitled to Substantial Deference. ........................................................ 7

    2.  The Hotel's Website Provides The Same Or More Accessibility Information Than What Many Courts Within This Circuit Have Deemed Sufficient To Comply With Section 36.302(e) As Construed By The DOJ. ........................................................ 11

  B.  Because Plaintiff's ADA Claim Fails As A Matter of Law, His Derivative Unruh Act Claim Also Fails As A Matter of Law ........................................................ 20

V.  CONCLUSION ................................................................ 21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ........................................................................... 6

*Barnes v. Marriott Hotel Servs., Inc.*,
No. 15-CV-01409-HRL, 2017 WL 635474 (N.D. Cal. Feb. 16, 2017) ......... 2, 8, 9

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................... 6

*Bragdon v. Abbott*,
524 U.S. 624 (1998) ............................................................................... 7

*Caldwell v. Caldwell*,
No. 05–4166, 2006 WL 618511 (N.D. Cal. Mar. 13, 2006) .................... 17

*Conley v. Gibson*,
355 U.S. 41 (1957) ................................................................................. 5

*Cullen v. Netflix, Inc.*,
600 F. App'x 508 (9th Cir. 2015) .......................................................... 20

*Gilbert Salinas v. Apple Ten SPE Capistrano, Inc.*,
No. 8:20-cv-02379-CJC-DFM (C.D. Cal. Feb. 18, 2021) ............... *passim*

*Givens v. Newsom*,
459 F. Supp. 3d 1302 (E.D. Cal. 2020) ................................................... 1

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*,
603 F.3d 666 (9th Cir. 2010) .................................................................. 6

*Hickey v. O'Bannon*,
287 F.3d 656 (7th Cir. 2002) .................................................................. 6

*Johnson v. Guedoir*,
218 F. Supp. 3d 1096 (E.D. Cal. 2016) ................................................... 6

*Love v. KSSF Enterprises, LTD*,
No. 3:20-cv-08535—LB (N.D. Cal. March 18, 2021) ..................... 4, 20

*Rafael Arroyo v. AJU Hotel Silicon Valley LLC*,
No. 4:20-cv-08218—JSW (N.D. Cal. March 16, 2021) .................... 4, 20

*Rafael Arroyo v. JWMFE Anaheim, LLC*,
No. 8:21-cv-00014-CJC-KES (C.D. Cal. Feb. 16, 2021) ................ *passim*

*Robles v. Domino's Pizza, LLC*,
913 F.3d 898 (9th Cir. 2019) .................................................................. 8

46657744_2.docx

*Rutherford v. Evans Hotels, LLC*,
No. 18-CV-435 JLS (MSB), 2020 WL 5257868 (S.D. Cal. Sept. 3,
2020) .................................................................................................... 9

*Samuel Love v. Marriott Hotel Services, Inc.*,
No. 3:20-cv-07137-TSH (N.D. Cal. March 3, 2021) ............................. *passim*

*Smith v. Pride Mobility Prod. Corp.*,
No. 16-CV-04411-LHK, 2016 WL 6393549 (N.D. Cal. Oct. 28,
2016) .................................................................................................. 20

*Strojnik v. Orangewood LLC*,
No. CV 19-00946 DSF, 2020 U.S. Dist. LEXIS 11743 (C.D. Cal.
Jan. 22, 2020), *aff'd* 2020 U.S. App. LEXIS 26062 (9th Cir. Nov. 17,
2020) ............................................................................................... 9, 19

*United States v. Hilton Worldwide, Inc.*,
No. 10-cv-1924, ECF No. 5 (D.D.C. Nov. 29, 2010) ......................... 15

**Other State Cases**

*Orlando Garcia v. Chamber Maid, L.P., et al.*,
No. 2:20-cv-11699-PA-PD (C.D. Cal. March 15, 2021 ............... 3, 19, 20

*Orlando Garcia v. Gateway Hotel L.P.*,
No. 2:20-cv-10752-PA-GJS (C.D. Cal. Feb. 25, 2021) ...................... *passim*

*Strojnik v. Kapalua Land Co. LTD*,
No. CV 19-00077 .................................................................................. 4

*Strojnik v. Kapalua Land Co. LTD*,
No. CV 19-00077 SOM-KJM, 2019 WL 4685412, at *10 (D. Haw.
Aug. 26, 2019) ..................................................................................... 4

**Federal Statutes**

42 U.S.C.
§ 12182(a) ........................................................................................... 6

Americans with Disabilities Act Title III .............................................. 6, 8

**California Statutes**

Cal. Civ. Code
§ 51(f) ............................................................................................ 6, 20

**Other Authorities**

28 C.F.R. 36.302(e)(1) ........................................................................... 1

28 C.F.R. Pt. 36, Appendix A ................................................... 8, 9, 10, 19

28 C.F.R. Pt. 36, Appendix A § 302,
https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulation
s.htm#a2010guidance ........................................................................... 7

3

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

28 C.F.R. Pt. 36, Appendix A, Title III ................................................................ 2

28 C.F.R. § 36.302(e) ................................................................................... *passim*

28 C.F.R. § 36.302(e)(1)(ii) ......................................................................... 7

28 C.F.R. § 36.302(e)(ii) ................................................................... 9, 13, 18

36 C.F.R. pt. 1191, Appendix B § 106.5 ................................................. 10

75 FR 56236-01 [2010 WL 3561890] ......................................................... 2

Fed. R. Civ. P. 12(b)(6) ............................................................................ 5, 20

https://www.ada.gov/1991standards/1991standards-
     archive.html#Anchor-11482.............................................................. 10

https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards
     .htm#106 ........................................................................................... 10

https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.ht
     m#a2010guidance............................................................................... 2

https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.ht
     m#a302 ................................................................................................ 8

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

46657744_2.docx

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On March 12, 2021, Plaintiff Rafael Arroyo filed his First Amended Complaint in this action ("FAC") - a Complaint that is nearly identical to the **39 other complaints** he has filed in California and federal courts between October and December 2020 alleging difficulties reserving a room at 39 other hotels during a global pandemic[1]— against defendant DTPS C-12, LLC ("DTPS") alleging that the website reservation system for the Kimpton Rowan Palm Springs Hotel (the "Hotel") failed to adequately identify and describe the hotel's accessible features in violation of 28 C.F.R. § 36.302(e) ("Section 36.302(e)").   Plaintiff's claims in this action under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act") are based solely on an alleged violation of Section 36.302(e), which provides, in relevant part, the following:

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party … "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in **enough detail** to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

28 C.F.R. 36.302(e)(1) (emphasis added).   This lawsuit seeks to capitalize on the ambiguity of what "enough detail" means under Section 36.302(e).   Ignoring (or perhaps challenging) the express regulatory guidance from the Department of Justice ("DOJ") on Section 36.302(e) stating that "***a reservations system is not intended to***

---

[1] Between October 7 and December 21, 2020, Plaintiff filed at least **40 complaints (including the Complaint in this action)** in the California Superior Court and the United States District Court alleging the same website reservation claims against hotels that include the Portofino Hotel in Redondo Beach, the Knott's Berry Farm Hotel in Buena Park, and the Fairmont Hotel in San Jose.   (Request for Judicial Notice ("RJN") ¶ 11); *see Givens v. Newsom,* 459 F. Supp. 3d 1302, 1309 (E.D. Cal. 2020) ("[A] court may take judicial notice 'of court filings and other matters of public record'").

*be an accessibility survey*,"[2] Plaintiff contends that hotels must provide accessibility information on their websites at a level of detail (e.g., photographs, toilet measurements, grab bar configurations, dimensions of doorways, etc.) that is tantamount to an *accessibility survey*.  This contention is plainly contrary to the DOJ's guidance regarding Section 36.302(e).  *See Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *10 (N.D. Cal. Feb. 16, 2017) (acknowledging that "the DOJ guidance document interpreting the ADA Accessibility guidelines . . . is entitled to substantial deference" and rejecting "[p]laintiff['s] suggest[ion] that more detailed descriptions of rooms or features, including, potentially, pictures or floorplans, would be appropriate").

Indeed, at least seven courts within this Circuit have recently (and correctly) dismissed *with prejudice* the following lawsuits (including two against Plaintiff) with complaints that are essentially identical to Plaintiff's Complaint in this action, concluding that the level of detail of accessibility information on a hotel website that the plaintiffs demanded in those cases—which is the same level of detail that Plaintiff is demanding here—is *not* required under Section 36.302(e):[3]

1.  *Orlando Garcia v. Gateway Hotel L.P.*, No. 2:20-cv-10752-PA-GJS (C.D. Cal. Feb. 25, 2021) ("*Garcia I*") (lawsuit dismissed *with prejudice* where "th[e] Court f[ound], as other courts have already found, that **describing a room as 'accessible' is sufficient to comply with the ADAAG**") (RJN ¶ 4, Ex. 5 (copy of this Court's Civil Minutes-General in the Garcia Case).)

---

[2] 28 C.F.R. Pt. 36, App. A, Title III Regulations 2010 Guidance and Section-by-Section Analysis; *see also* Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities, 75 FR 56236-01 [2010 WL 3561890], at 56274.  Available at https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm#a2010guidance.

[3] The plaintiffs in each of these lawsuits—Orlando Garcia, Rafael Arroyo, Gilbert Salinas, and Samuel Love—were represented by Plaintiff's counsel in this action, Center for Disability Access.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

2. *Rafael Arroyo v. JWMFE Anaheim, LLC,* No. 8:21-cv-00014-CJC-KES (C.D. Cal. Feb. 16, 2021) ("*Arroyo I*") ("*A website need not list its compliance or non-compliance with every ADAAG provision to satisfy 28 C.F.R. § 36.302(e)(ii).*") (RJN ¶ 5, Ex. 6 (copy of this Court's Order Granting Defendant's Motion to Dismiss [Dkt. 10] And Dismissing The Complaint With Prejudice in the Arroyo Case)); and

3. *Gilbert Salinas v. Apple Ten SPE Capistrano, Inc.,* No. 8:20-cv-02379-CJC-DFM (C.D. Cal. Feb. 18, 2021) ("*Salinas*") (deferring to the DOJ's guidance on Section 36.302(e) that "*a reservations system is not intended to be an accessibility survey*" and that "*individuals with disabilities may wish to contact the hotel or reservations service for more detailed information*") (RJN ¶ 6, Ex. 7 (copy of this Court's Order Granting Defendant's Unopposed Motion to Dismiss [Dkt. 11] And Dismissing The Complaint With Prejudice in the Salinas Case));

4. *Samuel Love v. Marriott Hotel Services, Inc.*, No. 3:20-cv-07137-TSH (N.D. Cal. March 3, 2021) ("*Love I*") (The 2010 Guidance…makes clear that details about a hotel's accessible features – 'such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (e.g., bathtub bench)' can be provided 'once reservations are made' and *do not have to be provided on the reservations website*") (emphasis added) (RJN ¶ 7, Ex. 8 (a copy of the court's Order Granting Motion to Dismiss re Docket No. 16));

5. *Orlando Garcia v. Chamber Maid, L.P., et al.*, No. 2:20-cv-11699-PA-PD (C.D. Cal. March 15, 2021) ("*Garcia II*") ("[D]escribing a room as 'accessible' is sufficient to comply with the ADAAG…[and] a website need not include all potentially relevant accessibility information where an inquiring patron can simply call the hotel for more information.") (RJN ¶ 8, Ex. 9 (a copy of this Court's Minutes in Chambers—Court

3

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Order));

6. *Rafael Arroyo v. AJU Hotel Silicon Valley LLC,* No. 4:20-cv-08218—JSW (N.D. Cal. March 16, 2021) ("*Arroyo II*") ("The Court concludes that Defendants' website complies with the Reservations Rule [28 CFR 36.302(e)(1)]. This conclusion is supported by the ample case law…finding similar information on website reservation systems sufficient to meet the requirements of the rule and by the DOJ Guidance, which makes clear that specific details about accessibility features do not need to be provided on a hotel website.") (RJN ¶ 9 Ex. 10 (a copy of the court's Order Granting Motion to Dismiss));

7. *Love v. KSSF Enterprises, LTD,* No. 3:20-cv-08535—LB (N.D. Cal. March 18, 2021) ("*Love II*") ("Every case that has addressed the sufficiency of a hotel website's disclosures has held that disclosures like the disclosures here meet the requirements of the C.F.R. The court follows the cases as persuasive"). (RJN ¶ 10, Ex. 11 (a copy of the court's Order Granting Motion to Dismiss)).

As explained below, the website for the Hotel provides the same, if not more, information as the hotel websites in these cases. Thus, the fact that the Hotel does not provide the precise information in the overly specific level of detail as Plaintiff demands in his Complaint does not constitute a violation of the law. *See Strojnik v. Kapalua Land Co. LTD*, No. CV 19-00077 SOM-KJM, 2019 WL 4685412, at *10 (D. Haw. Aug. 26, 2019) (noting plaintiff's "fail[ure] to cite to any legal authority providing that failure to detail all accessible and inaccessible elements of a public accommodation results in an ADA violation" and recognizing "***an inability to use a website to gain information about a physical location***" as "***being 'insufficient to state a claim***.'") (emphasis added).

Plaintiff's Complaint fails to state a claim for relief and must be dismissed with prejudice. Plaintiff has not and cannot state an ADA claim because DTPS has

4

complied with Section 36.302(e), as the Hotel's website provides the same, if not more, accessibility information than what the DOJ and Courts within this Circuit have deemed sufficient to comply with Section 36.302(e).  Because Plaintiff fails to state an ADA claim, his derivative Unruh Act claim also fails.  For these reasons, DTPS respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

## II.    **PLAINTIFF'S COMPLAINT**

Plaintiff alleges that he is a California resident and is an individual with "physical disabilities." (FAC ¶ 1.)  He alleges that he uses a wheelchair for mobility and requires an accessible guestroom when making hotel reservations.  (FAC ¶¶ 1, 14, 15.)  In this action, Plaintiff claims that he "planned on making a trip in April of 2021 to the Palm Springs, California area" and considered the Hotel located at 100 W. Tahquitz Canyon Way, Palm Springs, California (FAC ¶¶ 12, 13).  Plaintiff alleges that when he visited the Hotel's website located at https://rowanpalmsprings.com/ (the "Website") in in September 22, 2020, he found the accessibility information insufficient for Plaintiff to "assess independently" if the particular hotel room would work for him.  (FAC ¶ 22.)

Plaintiff contends that the Website does not comply with Section 36.302(e) because it failed to identify and describe the accessible features in the guestroom chosen by the Plaintiff in enough detail to reasonably permit him to assess independently whether the particular guestroom met his accessibility needs. (FAC ¶¶ 19, 30.)  Plaintiff seeks injunctive relief, statutory damages, and attorneys' fees and costs.  (FAC, Prayer ¶¶ 1-3.)

## III.   **LEGAL STANDARDS**

Dismissal is proper where, as here, the moving party demonstrates that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Fed. R. Civ. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In deciding a motion to dismiss under Rule 12(b)(6), the Court must take the complaint's well-pleaded factual allegations as true and view them in the light most

favorable to the plaintiff.  *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002).
Yet, "the tenet that a Court must accept as true all of the allegations contained in a
Complaint is inapplicable to legal conclusions."  *Bell Atlantic Corp. v. Twombly*, 550
U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Rather, to
avoid dismissal at the pleading stage, the complaint must contain factual allegations
that "plausibly give rise to an entitlement to relief."  *Iqbal*, 129 S. Ct. at 1950.

## IV. PLAINTIFF'S ALLEGATIONS FAIL TO STATE A CLAIM UNDER THE ADA OR UNRUH ACT

Title III of the Americans with Disabilities Act ("ADA") states that "[n]o
individual shall be discriminated against on the basis of disability in the full and
equal enjoyment of the goods, services, facilities, privileges, advantages, or
accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).  In
order to state a claim under Title III, a plaintiff must allege that: "(1) he is disabled
within the meaning of the ADA; (2) the defendant is a private entity that owns,
leases, or operates a place of public accommodation; and (3) the plaintiff was denied
public accommodations by the defendant because of his disability.  *Arizona ex rel.
Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).
Further, although a violation of the ADA constitutes a violation of the Unruh Act,
(*see* Cal. Civ. Code § 51(f)),[4] statutory damages are recoverable under the Unruh Act
only if (1) "the violation denied the plaintiff full and equal access to the place of
public accommodation on a particular occasion" and (2) the plaintiff "personally
encountered the violation and it resulted in difficulty, discomfort or embarrassment."
*Johnson v. Guedoir*, 218 F. Supp. 3d 1096, 1100 (E.D. Cal. 2016).

Here, Plaintiff contends that DTPS violated the ADA and the Unruh Act

---

[4] Plaintiff's Unruh Act claim is a derivative claim under Civil Code Section 51(f)
and is predicated solely on his ADA claim. (*See* Complaint ¶¶ 40-42("Defendants'
acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia,
failing to comply with the ADA with respect to its reservation policies and
practices.").)

because the Hotel's reservation system on the Website, which he claims failed to sufficiently identify and describe the Hotel's accessible features, did not comply with 28 C.F.R. § 36.302(e). These allegations fail to state a claim upon which relief may be granted for several reasons.

## A.     The Website Complies with 28 C.F.R. § 36.302(e).

As noted above, Section 36.302(e) mandates that hotels and other places of lodging must "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii). Recognizing that "a reservations system is not intended to be an accessibility survey," the DOJ issued guidance on Section 36.302(e) stating that "it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices.)" 28 C.F.R. Pt. 36, App. A § 302.[5]  As this is precisely what DTPS has done *and more*, DTPS has complied with the requirements of Section 36.302(e).

## 1.     The Department of Justice's Guidance On Section 36.302(e), Which Recognizes Section 36.302(e)'s Inherent Ambiguity, Is Entitled to Substantial Deference.

It is well-established that the DOJ's views and interpretation of its own ADA regulations are entitled to substantial deference. *Bragdon v. Abbott*, 524 U.S. 624, 646 (1998) ("As the agency directed by Congress to issue implementing regulations

---

[5] Available at https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm#a2010guidance.

… , to render technical assistance explaining the responsibilities of covered individuals and institutions … , and to enforce Title III [of the ADA] in court … , the Department's views are entitled to deference."); *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 904 (9th Cir. 2019) (acknowledging that the "DOJ's administrative guidance on ADA compliance is entitled to deference") (citing *Bragdon,* 524 U.S. at 646). Acknowledging that Section 36.302(e)(1) is riddled with ambiguity regarding the amount and type of accessibility information that hotels must provide on the reservation systems, the DOJ has explained as follows:

> **The Department recognizes that a reservations system is not intended to be an accessibility survey**. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, **the Department cannot specify what information must be included in every instance**. For hotels that were built in compliance with the 1991 Standards, **it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations**.

28 C.F.R. Pt. 36, App. A (emphasis added).[6]  This express regulatory guidance is entitled to substantial deference.

In *Barnes v. Marriott Hotel Services, Inc.,* No. 15-CV-01409-HRL, 2017 WL 635474 (N.D. Cal. Feb. 16, 2017), the plaintiff argued that the Marriott reservation system violated Section 36.3029(e) because "the website does not provide sufficient detail about accessible features to allow a wheelchair user to make an independent assessment of whether these features would meet her needs." *Id.* at *9.  In response, the defendant directed the Court to the DOJ's specific guidance referenced above on what accessibility information may be enough to comply Section 36.302(e). *Id.*

---

[6] Available at
https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm#a302

46657744_2.docx

Reaffirming that the DOJ guidance interpreting Section 36.302(e) is "entitled to substantial deference," the Court rejected the plaintiff's "suggest[ion] that more detailed descriptions of rooms or features, including, potentially, pictures or floorplans, would be appropriate," where the hotel provided the following information on its website:

- Stating that "[a]ccessible guest rooms have a 32 inch wide opening";
- A list of the areas of the hotel that are accessible; and
- Descriptions of "Accessible Room Features" for individual room types: "[t]his room type offers mobility accessible rooms[;] [t]his room type offers accessible rooms with roll in showers[.]"

*Id.* at *9-10.   Concluding that "***these descriptions and this level of detail is appropriate and acceptable***" based on the DOJ's interpretation of what is required under Section 36.302, "the Court [was] thus *not* persuaded that Marriott's website violates Section 36.302(e) for any failure to identify and describe accessibility features." *Id.* at *10 (emphasis added); s*ee Strojnik v. Orangewood LLC*, No. CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *20 (C.D. Cal. Jan. 22, 2020), *aff'd* 2020 U.S. App. LEXIS 26062 (9th Cir. Nov. 17, 2020) (deferring to the DOJ guidance in concluding that "**a [hotel] website *need not* list its compliance or non-compliance with every ADAAG provision to satisfy 28 C.F.R. § 36.302(e)(ii)**") (emphasis added).

Indeed, the DOJ's guidance states that "for hotels built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is ***accessible***;" Plaintiff's contention that specific measurements are required has no basis in law. 28 C.F.R. Pt. 36, App. A; *see Rutherford v. Evans Hotels, LLC,* No. 18-CV-435 JLS (MSB), 2020 WL 5257868, at *16 (S.D. Cal. Sept. 3, 2020) ("Plaintiffs' contention that '[c]ommon sense dictates that conclusorily stating that its rooms are 'accessible' is not enough detail for Plaintiffs to assess whether a hotel or guest room meets their particular accessibility needs' . . . *is dubious*.") (emphasis added).   The DOJ's

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

position in this regard is likely due to the fact that the term "accessible" is *not* merely an opinion or conclusion—it is a legally defined term. *See* 1991 ADA Accessibility Guidelines ("ADAAG"), 28 CFR Part 36, App. A, revised July 1, 1994 § 3.5 ("Accessible. Describes a site, building, facility, or portion thereof that complies with these guidelines.");[7] 2010 ADA Standards ("ADAS"), 36 C.F.R. part 1191, app. B § 106.5 ("Accessible. A site, building, facility, or portion thereof that complies with this part.").[8]   Stating that a feature is "accessible" necessarily confers to the reader that the feature meets or exceeds the standards set forth in the ADAAG. Thus, if an individual's accessibility needs are satisfied by a hotel's compliance with the ADAAG, he or she should possess all the information necessary to assess whether the hotel in question meets his or her needs.

There is no requirement whatsoever for a hotel, including DTPS's hotel, to provide precise measurements of any features, as such measurements are implicitly provided by use of the word "accessible."[9]   Accordingly, this Court should give substantial deference to the DOJ's interpretation of Section 36.302(e), including the DOJ's express statement that "a [hotel] reservations system is *not* intended to be an accessibility survey" and that it may be sufficient to specify that the hotel is "accessible" and, for each accessible room, to describe the general type of room, the size and number of beds, the type of accessible bathing facility, and communications features available in the room. 28 C.F.R. Pt. 36, App. A (emphasis added).

---

[7] Available at https://www.ada.gov/1991standards/1991standards-archive.html#Anchor-11482

[8] Available at https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#106

[9] As explained below, DTPS's statements on the Website that numerous features are "accessible" satisfies the requirements of Section 36.302(e).

Case No. 5:21-cv-00023-JWH (SPx)

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

2. <u>**The Hotel's Website Provides The Same Or More Accessibility Information Than What Many Courts Within This Circuit Have Deemed Sufficient To Comply With Section 36.302(e) As Construed By The DOJ.**</u>

DTPS's Website provides the same or perhaps *more* information that what courts have already deemed to be sufficient to comply with Section 36.302(e) in other virtually identical cases.  In *Orlando Garcia v. Gateway Hotel L.P.*, No. 2:20-cv-10752-PA-GJS (C.D. Cal. Feb. 25, 2021) ("*Garcia I*"), plaintiff Orlando Garcia—represented by the same counsel as Plaintiff in this action—filed a First Amended Complaint that is similar to the FAC in this action, alleging that the website for the Gateway Hotel in Santa Monica, California failed to provide information about the hotel's accessible features in "enough detail" to comply with Section 36.302(e)(1).   (RJN ¶ 4, Ex. 5 at 1-2.)   The Gateway Hotel's website provided the following information:

- The hotel offered a "2 Queens Accessible Roll-in Shower room;"
- "[A]djectives such as 'lowered,' 'raised,' or 'accessible' to describe the room's features;"
- The hotel has "an accessible public bathroom on the 1st floor" and the "[r]oute from the accessible public entrance to the registration area, … guestrooms, … restaurant, … [and] exercise room is accessible;" and
- That the hotel's accessible rooms "have larger doorways," "telephones located next to the bed," rooms with "roll-in shower or shower/tub with handheld showerhead and handrails" and an "ADA compliant sink/vanity."

(*Id.* at 1-2.)  The plaintiff protested that all of this information was not enough to comply with Section 36.302(e) and that the website "simply slaps the label 'accessible' on most features."  (*Id.*)  Instead, the plaintiff compiled a personal list of accessibility features he believes the hotel must provide on its website in order to

comply Section 36.302(e), including measurements of various routes throughout the hotel, interior door dimensions, bed maneuvering space, toilet measurements, grab bar placement, and shower accessories, among other things. (*Id.* at 2, 6.)

The court disagreed and concluded that Gateway Hotel's website provided enough accessibility information to comply Section 36.302(e), as interpreted by the DOJ.  (*Id.* at 5-7.) First, the court rejected plaintiff's contention that "claiming something is 'accessible' is a conclusion or opinion," noting that "the term 'accessible' is specifically defined in the ADAAG to describe "a site, building, facility, or portion thereof that complies with these guidelines."  (*Id.* at 5, 6 ("[T]his Court finds, as other courts have already found, that ***describing a room as 'accessible' is sufficient to comply with the ADAAG***.").)  Second, in rejecting Plaintiff's proposed list of accessible features he believes are required for Section 36.302(e) compliance, the Court explained as follows:

> **Plaintiff's interpretation of what is needed for him to determine whether he can use the room is not the law.** While this Plaintiff may think these five [features] are the most important, another plaintiff may think that the slope is the most important thing a website should include. Yet another might think that the weight of the doors should be included on a hotel's website. In short, each individual plaintiff may have a separate list of the five most important things to list from the ADAAG on the hotel's website, such that, in the end, a hotel would be required to state on their website whether their facilities comply with each and every requirement of the AGAAG which is more than 250 pages long. **Plaintiff cannot simply cherry pick a handful of regulations he thinks are most important and argue that information is what the law requires.**

(*Id.* at 6.)  Finally, taking note of the DOJ guidance that "individuals with disabilities may wish to contact the hotel or reservations services for more detailed information," the Court agreed that "a website need not include all potentially relevant accessibility information where an inquiring patron can simply call the hotel for more information."  (*Id.* at 7.)  Accordingly, the court held that the Gateway Hotel's website complied with the ADA and dismissed the plaintiff's Complaint with prejudice, noting that any future amendment would be futile.  (*Id.*)

In *Arroyo v. JWMFE Anaheim, LLC,* No. 8:21-cv-00014-CJC-KES (C.D. Cal. Feb. 16, 2021) ("*Arroyo I*"), Plaintiff filed a nearly identical lawsuit alleging that a third party reservation system for the Fairfield by Marriott Anaheim Resort on Expedia.com failed to provide accessibility information sufficient to comply with Section 36.302(e).  (RJN ¶ 5, Ex. 6 at 2.)  Although the court held that the defendant could not be held liable for accessibility information on Expedia.com, the court also found that contrary to Plaintiff's claims, both "Expedia's and [the defendant hotel's] websites *do* satisfy the ADA's Guidelines on providing accessibility information for hotels."  *Id.* at 4 (emphasis in original).  Specifically, noting that "***[a] website need not list its compliance or non-compliance with every ADAAG provision to satisfy 28 C.F.R. § 36.302(e)(ii)***" (*id.* at 4-5), the court concluded that the following information on the defendant hotel's website "*more than satisfies* Defendant's obligation under § 36.302(e)(ii)":

> [A]ccessible guest rooms with 32-inch wide doorways, accessible route from public entrance to accessible guest rooms, alarm clock telephone ringers, bathroom grab bars, bathtub grab bars, bathtub seat, lowered deadbolt locks, lowered do as described by the Court or night guards, doors with level handles, lowered electrical outlets, flashing door knockers, hearing accessible rooms and kits, roll-in showers, adjustable shower wands, "TTY/TTD available," TVs with closed-captioning, toilet seats at wheelchair height, transfer showers, accessible vanities, and lowered viewports. (D's Website.) … [f]or more information about the physical features of our accessible rooms, common areas, or special services relating to a specific disability, please call +1 714-772-6777.

(*Id.* at 6 (emphasis added).)[10]  In dismissing the action *with prejudice*, the court also noted that Plaintiff's defective complaint could not be cured by amendment.  (*Id.* at 6-7 ("[N]or can the Court contemplate how Plaintiff could cure the deficiencies in his Complaint when the undisputed information on Expedia's and Defendant's websites *more than satisfy* the ADA's requirements." (emphasis added)).)

In another nearly identical lawsuit brought by Plaintiff's counsel on behalf of a

---

[10] Notably, court also found that the accessibility information on Expedia.com was sufficient to comply with Section 36.302(e). *Id.*

different plaintiff, *Salinas v. Apple Ten SPE Capistrano, Inc.,* No. 8:20-cv-02379-CJC-DFM (C.D. Cal. Feb. 18, 2021) ("*Salinas*"), plaintiff Gilbert Salinas similarly alleged that the website for the Residence Inn by Marriott in Dana Point failed to provide enough accessibility information to comply with Section 36.302(e).  (RJN ¶ 6, Ex. 7 at 2-3.)  The court disagreed.  *Id.*  Quoting the DOJ guidance on Section 36.302(e), including that "a reservations system is not intended to be an accessibility survey," the court concluded that the hotel at issue complied with Section 36.302(e) in providing the following information on its website:

- A list of "Accessible Areas with Accessible Routs from Public Entrance" that includes the business center, fitness center, meeting spaces and ballrooms, public entrances, and registration desk;

- A list of "Accessible Hotel features" that includes accessible self-parking, service animals welcome, and elevators; and

- A list of "Guest Room Accessibility" information, including doorways, accessible routs, alarm clock telephone ringers, bathroom features, and communication features, among other things.  (*Id.* at 5.)

As in the *Garcia I* and *Arroyo I* cases, the court dismissed the *Salinas* Case with prejudice.

Finally, the *Love I* court held that this Plaintiff's allegations about the website contained in the First Amended Complaint "on their own are sufficiently detailed to establish that there is no ADA violation." (RJN ¶ 7, Ex. 8 at 11).   The court also noted that the fact that the website provided a phone number to provide guests with additional information rendered the disclosures "more than sufficient."

The court in *Love I* also provided that:

> The 2010 Guidance cited above makes clear that details about a hotel's accessible features - "such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (e.g., bathtub bench)" can be provided "once reservations are made" and do not have to be provided on the reservations website. See 28 C.F.R. Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis." This alone shows that the very type of

specificity that Love desires in this case is ***not required on a website***.

(*Id*. at 11-12) (emphasis added).

The *Love I* case further held that the DOJ's enforcement position in *United States v. Hilton Worldwide, Inc*., No. 10-cv-1924, ECF No. 5 (D.D.C. Nov. 29, 2010) (the *HWI* matter)[11] about the accessibility guidelines further reinforces the sufficiency of the website's information. Under the Consent Decree in the HWI matter, the defendant entity was obligated to ensure that its reservations system:

[I]dentify by room type which rooms are accessible, and for each such room type, which of the following accessibility or other features it has:

(i)     Number of beds
(ii)    Size of bed(s)
(iii)   Roll-in shower or accessible tub
(iv)    Visual alarms
(v)     Executive level
(vi)    Suite
( )     Kitchen/kitchenette
( )     View, if a particular hotel charges more for a room based on the view.

(*Id.* at 12 (*HWI* Consent Decree, ¶ 25(a)(i)-(viii))).

The Court held that the Consent Decree is a further indication of the DOJ's consistent position concerning the accessibility information required to comply with the regulations. (*Id.* at 13 (citing *Price v. Stevedoring Servs. of Am., Inc.*, 697 F.3d 820, 832 n.8 (9th Cir. 2012) (explaining that "deference to agency litigating positions" is warranted based on "factors such as the consistency of its position and its application of that position through administrative practice")).

For these reasons, the court in the *Love I* case found that the website's disclosures were sufficient, and dismissed the plaintiff's First Amended Complaint with prejudice with no leave to amend. (*Id.* at 14).

Here, the Hotel's Website provides comparable, if not more, information

---

[11] In the *HWI* matter, the DOJ alleged that the website at issue did not "accurately reflect the inventory of accessible types of rooms and amenities available at each property[.]"

46657744_2.docx

regarding the Hotel's accessible features on its Website than what the Courts deemed more than sufficient to satisfy the defendants' legal requirements in the *Garcia I*, *Arroyo I*, *Salinas* and *Love I* cases.  Indeed, the Website in this action provides copious information regarding the Hotel's accessible features and accessible guestrooms.

On the Website's "Accessible Accommodations" page, the Website provides the following accessible information:

## ADA Accessible Hotel Rooms

Kimpton Rowan Palm Springs Hotel accommodates guests with disabilities. Please feel free to look at the details below to see how we can meet your needs.

If you have questions or wish to make a reservation, you can call our Reservation Specialist 1-800-532-7320 or email **accessible@kimptonhotels.com**.

For information about accessible features of the hotel generally, **click here.**

**ALL OF OUR GUEST ROOMS HAVE THE FOLLOWING COMMUNICATION FEATURES AVAILABLE:**
- Telephone visual alert
- Visual Alarm clock
- Door knock alerts
- Telephone in-line amplifier
- Visual fire alarm

📅 **Check Availability**

Case No. 5:21-cv-00023-JWH (SPx)

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT



(RJN ¶ 1, Exhibit 1, at 1-2; *see* https://www.rowanpalmsprings.com/palm-springs-hotel-accommodations/accessible-hotel-room/.)[12]

Further, the Website's "Accessible Features" page identifies and describes the following accessible features at the Hotel:

- Communication features available
- TTY capabilities
- Accessible restaurant
- Accessible business center
- Accessible meeting space
- Accessible exercise facility
- Service animals are welcome
- Braille and tactile signage is provided for permanent rooms and spaces
- Hotel employees will read menus and other printed/visual information to guests who are blind/low vision

---

[12] The screenshot images above and below are included as exhibits in DTPS's Request for Judicial Notice submitted concurrently herewith. As more fully set forth in the Request for Judicial Notice, the Court may take judicial notice of public websites. *Caldwell v. Caldwell*, No. 05–4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) (citing *Wible v. Aetna Life Ins. Co.,* 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (recognizing that "websites and their contents may be proper subjects for judicial notice" where party "supplied the court with hard copies of the actual web pages of which they sought to have the court take judicial notice").

- **Communication features available** >
- Valet parking
- Accessible pathway to hotel entrance
- Accessible entrance
- Accessible registration desk
- Accessible concierge
- Accessible route to elevators
- Accessible rooms
- Accessible restrooms

(RJN ¶ 2, Ex. 2; *see* https://www.rowanpalmsprings.com/palm-springs-hotel-accommodations/accessible-hotel-features/.)

Finally, the room descriptions on the Website's reservation system provides further information regarding the room's accessibility as follows:



**Only 3 Rooms Left!**
**Executive Accessible 1 King Bed**
This 422 sq ft accessible guestroom has one king bed plush robes and linens large workspace and gourmet honor bar. Featuring large San Jacinto Mountain or downtown Palm Springs facing windows with fresh air access. Bathroom incl roll in shower and luxury Atelier Bloem bath amenities.

2                                                        Show Less



**Only 2 Rooms Left!**
**Deluxe Accessible 2 Queen Beds**
This 364 sq ft accessible room features 2 queen beds and floor to ceiling windows with fresh air and breathtaking views of downtown Palm Springs. Plush robes linens large workspace and gourmet honor bar. Bathroom with accessible roll in shower or tub grab rails and luxe Atelier Bloem bath amenities.

4                                                        Show Less

(RJN ¶ 3, Exs. 3-4.)

These descriptions provide the same or similar accessibility information, if not more information, than the websites in the *Garcia I and II*, *Arroyo I and II*, *Salinas* and *Love I and II* cases, which courts deemed sufficient to comply with Section 36.302(e).  (*See Garcia I*, RJN ¶ 4, Ex. 5 at 5, 6 ("[T]his Court finds, as other courts have already found, that **describing a room as 'accessible' is sufficient to comply with the ADAAG**."); *Arroyo I*, RJN ¶ 5, Ex. 6 at 4-5 (*A website need not list its compliance or non-compliance with every ADAAG provision to satisfy 28 C.F.R. §*

*36.302(e)(ii).*").)   Accordingly, the accessibility information Plaintiff claims he viewed on the Website provides enough, or even more accessibility information that is required to comply with Section 36.302(e).

Even if the accessibility information identified in Plaintiff's Complaint was not enough to satisfy Section 36.302(e) (which it is), the fact that DTPS provides a telephone number to use to contact the Hotel for booking assistance on the Website "provide[s] a way for guests to contact the appropriate hotel employee for additional information." 28 C.F.R. Pt. 36, App. A; *see Garcia* Case, RJN ¶ 4, Ex. 5 at 7 (acknowledging that "**a website need not include all potentially relevant accessibility information where an inquiring patron can simply call the hotel for more information**."); *Orangewood*, 2020 U.S. Dist. LEXIS 11743 at *20 ("[T]he DOJ acknowledges that 'individuals with disabilities may wish to contact the hotel or reservations service for more detailed information.' … This provides further support that web-sites need not include all potentially relevant accessibility information.").

Kimpton Rowan Palm Springs Hotel accommodates guests with disabilities. Please feel free to look at the details below to see how we can meet your needs.

If you have questions or wish to make a reservation, you can call our Reservation Specialist 1-800-532-7320 or email **accessible@kimptonhotels.com**.

(RJN ¶ 1, Ex. 1 at 1; RJN ¶ 2, Ex. 2 at 1 (telephone number and email address located on the Website's "Accessible Accommodations" and "Accessible Features" pages).)

The *Garcia* holding dovetails with the court's holding in *Garcia II* that "a website need not include all potentially relevant accessibility information where an inquiring patron can simply call the hotel for more information"). *Garcia II*, No. 2:20-cv-11699-PA-PD (C.D. Cal. March 15, 2021) (RJN ¶ 8, Ex. 9). *See also Love I*, No. 3:20-cv-07137-TSH (N.D. Cal. March 3, 2021 ("The 2010 Guidance…makes

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

clear that details about a hotel's accessible features – 'such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (*e.g.,* bathtub bench)' can be provided 'once reservations are made' and ***do not have to be provided on the reservations website***") (emphasis added)) (RJN ¶ 7, Ex 8).

Thus, the accessibility information on the Website in this action plainly meets or exceeds what this Court deemed sufficient to comply with Section 36.302(e) in the *Garcia*, *Garcia II, Arroyo*, *Arroyo II, Salinas*, *Love,* and *Love II* Cases and provides the accessibility information described in the DOJ's commentary on Section 36.302(e)(1).  Indeed, "every case that has addressed the sufficiency of a hotel website's disclosures has held that disclosures like the disclosures here meet the requirements of the C.F.R."  *Love II*, No. 3:20-cv-08535—LB (granting motion to dismiss as cases cited therein are persuasive) (RJN ¶ 10, Ex. 11).

Therefore, the Hotel's reservation system plainly complies with Section 36.302(e) as construed by the DOJ, and Plaintiff's claims fail in their entirety.

**B.    Because Plaintiff's ADA Claim Fails As A Matter of Law, His Derivative Unruh Act Claim Also Fails As A Matter of Law.**

Plaintiff's Unruh Act claim is predicated on an alleged violation of the ADA. (FAC ¶ 41 ("Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, failing to comply with the ADA with respect to its reservation policies and practices.")).  Therefore, because Plaintiff's ADA claim fails as a matter of law and is subject to Rule 12(b)(6) dismissal, his derivative Unruh Act claim also fails and must be dismissed.  *See Cullen v. Netflix, Inc.,* 600 F. App'x 508, 509 (9th Cir. 2015); *Smith v. Pride Mobility Prod. Corp.*, No. 16-CV-04411-LHK, 2016 WL 6393549, at *6 (N.D. Cal. Oct. 28, 2016) ("Plaintiff has failed to state a claim for a violation of the ADA, and Plaintiff has thus accordingly failed to state a claim for a violation of § 51(f) of the Unruh Act.")

# V.    <u>CONCLUSION</u>

For the reasons explained above, DTPS respectfully submits that the Court should dismiss this action in its entirety pursuant to Rule 12(b)(6) because Plaintiff fails to state a claim under the ADA and Unruh Act.

Respectfully submitted,

DATED: April 5, 2021            OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ J. Nicholas Marfori
     Amber L. Roller
     J. Nicholas Marfori

Attorneys for Defendant
DTPS C-12, LLC

**PROOF OF SERVICE**
*Arroyo v. DTPS C-12, LLC, et al.*
**Case No. 5:21-cv-00023-JWH (SPx)**

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made.  My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071.

On **April 5, 2021**, I served the following document(s):

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. RULE 12(B)(6**

BY SUBMITTING ☐ (THE ORIGINAL) ☒ (A TRUE COPY THEREOF) AS FOLLOWS TO FIRST LEGAL ATTORNEY SERVICE:

☒     BY CM/ECF: First Legal Attorney Service to file with the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒     (Federal) I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **April 5, 2021**, at West Covina, California.

CHEREE L. CASTILLE                                    */s/ Cheree L. Castille*
Type or Print Name                                         Signature

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1

**SERVICE LIST**

2

| CENTER FOR DISABILITY ACCESS<br>Raymond Ballister Jr., Esq.<br>Russell Hand, Esq.<br>Amanda Seabock, Esq.<br>Zachery Best, Esq.,<br>8033 Linda Vista Road, Suite 200<br>San Diego, CA 90025-3661 | *Attorneys for Plaintiff*<br><br>Tel: 858.375.7385<br>Fax: 888. 422.5191<br>Email: amandas@potterhandy.com |
| --- | --- |

3

4

5

6

46657744.2

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:21-cv-00023-JWH (SPx)

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

46657744_2.docx