OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:   213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendant
DTPS C-12, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| Rafael Arroyo,<br><br>Plaintiff,<br><br>v.<br><br>DTPS C-12, LLC, a California Limited Liability Company; and Does 1-10,<br><br>Defendants. | Case No. 5:21-cv-00023-JWH (SPx)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY ACTION PENDING RELATED APPEALS BEFORE THE NINTH CIRCUIT COURT OF APPEALS**<br><br>Date:             January 21, 2022<br>Time:            9:00 a.m.<br>Place:           Courtroom 2<br><br>Complaint Filed: October 7, 2020<br>FAC Filed:        March 12, 2021<br>Trial Date:       None<br>District Judge:   Hon. John W. Holcomb<br>                  Courtroom 2, Riverside<br>Magistrate Judge: Hon. Sheri Pym<br>                  Courtroom 3, Riverside |

49185771_4.docx

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................... 1

II.   RELEVANT BACKGROUND ................................................. 3

III.  THE COURT SHOULD STAY THIS ACTION PENDING
      THE RELATED APPEALS BEFORE THE NINTH CIRCUIT ............ 5

      A.    The Related Appeals Pending Before the Ninth Circuit
            Present a Controlling Question Law in This Action: What
            Accessibility Information a Hotel Must Provide on Its
            Reservation System in Order to Comply with 28 C.F.R. §
            36.302(e). ........................................................................ 6

      B.    Granting a Stay of This Action Will Not Result in
            Damage or Hardship to Plaintiff and Instead Result in
            Simplifying the Issues, Proof, and Questions of Law in
            This Action. .................................................................... 8

IV.   PLAINTIFF RAFAEL ARROYO IS JUDICIALLY ESTOPPED
      FROM ARGUING AGAINST A STAY OF THIS ACTION
      PENDING THE RELATED APPEALS .................................... 9

V.    CONCLUSION ................................................................... 11

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY
ACTION PENDING RELATED APPEALS BEFORE THE NINTH CIRCUIT COURT OF APPEALS

49185771_4.docx

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Brickman v. Facebook, Inc.*,
No. 16-cv-00751, 2017 WL 1508719 (N.D. Cal. April 27, 2017) ........................ 6

*DeMartini v. Johns*,
693 Fed. Appx. 534 (9th Cir. 2017) ....................................................... 5

*Larsen v. City of Los Angeles*,
No. 12-cv-04392, 2012 WL 12887557 (C.D. Cal. Aug. 3, 2012) ................. 5, 6, 8

*Leyva v. Certified Grocers of Cal. Ltd.*,
593 F.2d 857 (9th Cir. 1979) .............................................................. 5, 8

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005) ................................................................ 6, 8

*United States v. Kim*,
806 F.3d 1161 (9th Cir. 2015) ................................................................. 10

*Wagner v. Prof'l Eng'rs in Cal. Gov't*,
354 F.3d 1036 (9th Cir.2004) ................................................................. 10

*Whaley v. Bellegue*,
520 F.3d 997 (9th Cir. 2008) ..................................................................... 9

**Federal Statutes**

28 U.S.C.
§ 36.302(e) ...........................................................................*passim*

**Other Authorities**

28 C.F.R. 36.302(e)(1) ................................................................... 3

28 C.F.R. § Pt. 36, Appendix A ....................................................... 7

Available at
https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulation
s.htm#a2010guidance ..................................................................... 4

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY
ACTION PENDING RELATED APPEALS BEFORE THE NINTH CIRCUIT COURT OF APPEALS

49185771_4.docx

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This action is one of at least 451 virtually identical lawsuits collectively brought by plaintiff Rafael Arroyo ("Plaintiff") and other individuals represented by his counsel—the Potter Handy law firm—alleging that a defendant hotel's website reservation system is in violation of 28 C.F.R. 36.302(e) ("Section 36.302(e)" or the "Reservations Rule") by failing to provide enough accessibility information on its reservation system.[1]

At least 69 of these cases have been dismissed by courts across this Circuit to date;[2] and of those dismissals, at least **six are presently under appeal** before the Ninth Circuit Court of Appeals (the "Related Appeals")[3]:

1. *Garcia v. Gateway Hotel L.P.,* Ninth Circuit Case No. 21-55227;

2. *Love v. Marriott Hotel Services. Inc.*, Ninth Circuit Case No. 21-15458 ("*Marriott Hotel*");

3. *Garcia v. E.L. Heritage Inn of Sacramento, LLC,* Ninth Circuit Case No. 21-15674 ("*Heritage Inn*");

4. *Scherer v. SMI Hotel LLC*, et al., Ninth Circuit Case No. 21-55815;

5. *Marquez v. DiamondRock Hb Owner, LLC, et al.*, Ninth Circuit Case No. 21-55814; and

6. *Garcia v. Apple Seven SPE San Diego, Inc.*, Ninth Circuit Case No. 21-55863.

---

[1] *See* Request for Judicial Notice in Support of Motion to Stay Action Pending Related Appeals ("RJN") ¶ 1, Ex. 1 (listing **84 lawsuits by Plaintiff Rafael Arroyo** and 367 lawsuits brought by Potter Handy law firm on behalf of plaintiffs Orlando Garcia, Samuel Love , Dwain Lammey, Gilbert Salinas, Mary Rios, Gary Scherer, and Luis Marquez, all of which allege that a defendant hotel's website is in violation of 28 U.S.C. § 36.302(e)).

[2] *See* RJN ¶ 2, Ex. 2.

[3] See RJN ¶ 3 & Ex. 3 (copies of the Ninth Circuit dockets for each of the 6 appeals. **Two of these Related Appeals are being considered for oral argument in February, March, or April of 2022.** *See Marriott Hotel,* Case No. 21-15458 [RJN Ex. 3 at p. 8, ECF No. 31]; *Heritage Inn,* Case No. 21-15674 [RJN Ex. 3 at 11-12, ECF No. 19].

49185771_4.docx

On September 21, 2021 and November 17, 2021, defendant DTPS C-12, LLC ("Defendant") contacted Plaintiff requesting that the parties stipulate to stay *this* action while the Related Appeals were pending before the Ninth Circuit.[4]  However, Plaintiff refused to stipulate to a stay, despite the fact that Plaintiff has entered into this same stipulation or argued in favor of a stay in at least 4 nearly identical cases.[5]

In fact, on at least *three* other Reservations Rule case, Plaintiff has argued *in favor of staying* the action on the same grounds that Defendant now moves this Court to stay the action pending the Related Appeals.  As *this Plaintiff* explained in these cases, where the courts issued an Order to Show Cause why the case should not be stayed pending the related appeals before the Ninth Circuit:

> At the heart of this dispute is what accessibility information must be disclosed by a hotel on its reservations website in order to comply with the Reservations Rule. **The resolution of this issue will require the Court to interpret the Reservations Rule as well as guidance from the U.S. Department of Justice that was published with the Reservations Rule.** Recently, three virtually identical lawsuits brought by plaintiff represented by Plaintiff's attorneys here have been dismissed with prejudice, and Plaintiffs filed appeals to the Court of Appeals for the Ninth Circuit.  **Because these three lawsuits involve precisely the same legal question that is at issue in this case, Plaintiff believes a stay pending the outcome of the three appeals is warrante**d.

*Arroyo v. Let It Flho, LP,* Case No. 4:21-cv-01153-DMR, Plaintiff's Response to Order to Show Cause [ECF No. 19] at 1-2.[6]

This is precisely the situation in the present case.  Accordingly, Defendant hereby moves this Court for an Order staying this action pending

---

[4] *See* Declaration of J. Nicholas Marfori ("Marfori Decl.") ¶¶ 3-4.

[5] *See* RJN ¶ 4 & Ex. 4 (Plaintiff's stipulations to stay action pending the related Ninth Circuit appeals in the following Reservations Rule cases: *Arroyo v. HLT San Jose LLC,* Case No. 5:20-cv-08547; *Arroyo v. Investel Harbor Resorts LLC,* 8:21-cv-00052; *Arroyo v. Disney Way Hotel Partners, LLC et al,* 8:21-cv-00204; *Arroyo v. Walter Hotel Corp. et al* 5:21-CV-00464).

[6] *See* RJN Ex. 5 at 1-3 (attaching document); *see also id.* at 5 (stating the same in *Arroyo v. KBMS Hospitality Corporation et al,* Case No. 8:21-cv-00239-JLS-DFM); *id.* at 12-13 (stating the same in *Arroyo v. S.M. Broadway Corp.,* Case No. 4:20-cv-09007-DMR).

2

Case No. 5:21-cv-00023-JWH (SPx)

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY ACTION PENDING RELATED APPEALS BEFORE THE NINTH CIRCUIT COURT OF APPEALS

the Related Appeals. As explained below, the Court should grant Defendant's Motion and stay this action on the following grounds: (1) the Related Appeals involve a controlling question of law, the resolution of which would materially affect the outcome of this action; (2) no damage will result to Plaintiff if the Court stays this action pending the Related Appeals; (3) both Plaintiff and Defendant would suffer hardship if required to go forward in this action; and (4) Plaintiff is judicially estopped from arguing against a stay on these grounds in light of his prior arguments for, and/or concessions to, a stay of the action pending a decision on the Related Appeals on these same grounds in his other identical Reservations Rule cases.

## II.     RELEVANT BACKGROUND

On March 12, 2021, Plaintiff Rafael Arroyo filed his First Amended Complaint in this action ("FAC") against Defendant—a Complaint that is essentially identical to the 84 other complaints he has filed hotels in California since October 2020—alleging that the website reservation system for the Kimpton Rowan Palm Springs Hotel (the "Hotel") failed to adequately identify and describe the hotel's accessible features in violation of 28 C.F.R. § 36.302(e).  Specifically, Plaintiff's claims in this action under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act") are based solely on an alleged violation of 28 C.F.R. § 36.302(e), which provides, in relevant part, the following:

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party … "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

28 C.F.R. 36.302(e)(1) (emphasis added) ("Section 36.302(e)" or the "Reservations Rule"); *see* FAC ¶¶ 37-38, 40-41.

49185771_4.docx

On or about March 29, 2021, the parties met and conferred regarding Defendant's anticipated Rule 12(b)(6) motion to dismiss the First Amended Complaint—**Defendant was not aware (nor made aware by Plaintiff's counsel) that one or more of the Related Appeals had been filed at that time**. (Declaration of J. Nicholas Marfori ("Marfori Decl.") ¶ 2.)  On April 5, 2021, Defendant filed its Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 14] (the "Motion to Dismiss") on the ground that Plaintiff failed to state a claim because Defendant's website reservation system was in compliance with Section 36.302(e) as interpreted by the Department of Justice guidance regarding Section 36.302(e), which provides in relevant part as follows:

> The Department recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.

Motion to Dismiss [ECF No. 14] at 7 (citing 28 C.F.R. Pt. 36, App. A § 302 (the "DOJ Guidance")[7]).  Defendant contended that the Hotel's website provided the same, if not more information, described in the DOJ Guidance, and was therefore in compliance with Section 36.302(e).

However, the Court disagreed and issued its Order denying Defendant's Motion to Dismiss [ECF No. 21] ("Order"), finding that "it is not clear that the Hotel's website complies with the DOJ Guidance" based

---

[7] Available at https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm#a2010guidance.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY ACTION PENDING RELATED APPEALS BEFORE THE NINTH CIRCUIT COURT OF APPEALS

49185771_4.docx

on the Court's interpretation of what "'may be sufficient' under the DOJ Guidance" with respect to website descriptions about hotel room's bathing facilities. *See* Order [ECF No. 21] at 7-8.  Notably, the Court did not definitively hold that the Hotel's website did not comply with the Reservations Rule; rather, the Court held that it could not grant Defendant's Motion due to the lack of clarity in the law.

On September 21, 2021, Defendant's counsel contacted Plaintiff's counsel requesting that the parties stipulate to stay *this* action while the Related Appeals were pending before the Ninth Circuit.  (Marfori Decl. ¶ 3.)  However, Plaintiff's counsel refused to stipulate to a stay. (*Id.*)  On November 17, 2021, Defendant met and conferred with Plaintiff's counsel regarding Defendant's anticipated Motion to Stay Action Pending Related Appeals and discussed, among other things, the several other cases in which Plaintiff stipulated to, and even argued *in favor of*, staying this action until a decision was rendered in the related appeals before the Ninth Circuit. (Marfori Decl. ¶ 4.)  Plaintiff again refused to stipulate to a stay.  (*Id.*)  This Motion to Stay followed.

## III.   THE COURT SHOULD STAY THIS ACTION PENDING THE RELATED APPEALS BEFORE THE NINTH CIRCUIT

A district court "'has broad discretion to stay proceedings as an incident to its power to control its own docket' in an effort to promote judicial economy." *DeMartini v. Johns*, 693 Fed. Appx. 534, 538 (9th Cir. 2017) *citing Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). A district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  "The existence of another proceeding that may have a substantial impact on a pending case is a particularly compelling reason to grant a stay." *Larsen v. City of Los Angeles*,

No. 12-cv-04392, 2012 WL 12887557, *9 (C.D. Cal. Aug. 3, 2012) *citing Leyva*, 593 F.2d at 863-64.  However, when considering whether to stay proceedings pending an appeal in another case, a district court must consider: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005) *citing Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

**A.**   **The Related Appeals Pending Before the Ninth Circuit Present a Controlling Question Law in This Action: What Accessibility Information a Hotel Must Provide on Its Reservation System in Order to Comply with 28 C.F.R. § 36.302(e).**

A question of law is controlling "if its resolution on appeal 'could materially affect the outcome of litigation in the district court.'" *Brickman v. Facebook, Inc.*, No. 16-cv-00751, 2017 WL 1508719, *2 (N.D. Cal. April 27, 2017) *citing In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981). A question is considering "controlling" even if "its resolution does not determine who will prevail on the merits." *Id. citing Kuehner v. Dickinson & Co.*, 84 F.3d 316, 318-19 (9th Cir. 1996). Courts have explained that "the existence of another proceeding that may have a substantial impact on a pending case is a particularly compelling reason to grant a stay." *Larsen,* 2012 WL 12887557 at *9 *citing Leyva*, 593 F.2d at 863-64.

Here, the controlling question of law in the Related Appeals is what accessible information a hotel must provide on its reservation system in order to comply with Section 36.302(e).  *See, e.g., Garcia v. Gateway Hotel L.P.,* Case No. Case: 21-55227, Appellant's Opening Brief [ECF No. 7] at 7-8 (identifying the issue for appellate review as whether the district court erred in concluding that "label[ing] hotel features as 'accessible' without any further detail or description" is sufficient to

49185771_4.docx

comply with Section 36.302(e)(1)).  This question is controlling in the present action given that Defendant here has argued, and continues to argue despite this Court's denial of its Motion to Dismiss, that Defendant's Hotel's reservation system complies with Section 36.302(e) because its website—like the website in Gateway Hotel L.P.—describes the hotel features as accessible *and* provides more detail about said accessible features than the websites in the Related Appeals.  *See* Defendant's Memorandum of Points and Authorities In Support of Its Motion to Dismiss [ECF 14-1] at 15-19.  The Ninth Circuit's decision on this issue will necessarily resolve the question at issue in this matter—what information is necessary to satisfy Section 36.302(e)(1).  Once that question has been answered, this Court can definitively rule as to whether Defendant's website complies with Section 36.302(e)(1).[8]  As *Plaintiff himself* articulated in another nearly identical matter in which he argued in favor of a stay:

> At the heart of this dispute is what accessibility information must be disclosed by a hotel on its reservations website in order to comply with the Reservations Rule. The resolution of this issue will require the Court to interpret the Reservations Rule as well as guidance from the U.S. Department of Justice that was published with the Reservations Rule. Recently, three virtually identical lawsuits brought by plaintiff represented by Plaintiff's attorneys here have been dismissed with prejudice, and Plaintiffs filed appeals to the Court of Appeals for the Ninth Circuit. **Because these three lawsuits involve precisely the same legal question that is at issue in this case, Plaintiff believes a stay pending the outcome of the three appeals is warrant**ed.

---

[8] Further, this Court referenced but did not opine on the issue of whether providing a telephone number or email address for customers to contact the hotel additional accessibility information satisfies a hotels obligations under the Reservations Rule (see Order [ECF 21] at 6); However, this issue was briefed by *both* parties on Defendant's Motion to Dismiss and is squarely at issue in the Related Appeals. *See* Motion to Dismiss [ECF No. 14-1] at 19-20; Plaintiff's Opposition to Motion to Dismiss [ECF No. 15] at 6; *see, e.g., Gateway Appeal,* Appellant's Excerpts of Record [ECF No. 8] at 10 (attaching Order Dismissing Case stating: "The DOJ acknowledges that 'individuals with disabilities may wish to contact the hotel or reservations services for more detailed information.' 28 C.F.R. § Pt. 36, App. A. **Courts have interpreted this to mean that a website need not include all potentially relevant accessibility information where an inquiring patron can simply call the hotel for more information**.")  Thus, a decision by the Ninth Circuit on this issue in the *Gateway Appeal* will be controlling in this action.

49185771_4.docx

RJN Ex. 5 at 1-2 (emphasis added); *see also id.* at 5 (stating the same in *Arroyo v. KBMS Hospitality Corporation et al*, Case No. 8:21-cv-00239-JLS-DFM); *id.* at 12-13 (stating the same in *Arroyo v. S.M. Broadway Corp.*, Case No. 4:20-cv-09007-DMR).

Defendant intends to file a dispositive motion in this action; however, this Court will lack controlling authority on this topic if the Court does not stay this matter. On the other hand, if the Court stays the case until the Ninth Circuit issues its decision, the parties and the Court will all be in a position of confidence as to what is required by the law.

Therefore, the Court should stay this action pending the resolution of this controlling question of law at issue in the Related Appeals. *Larsen,* 2012 WL 12887557 at *9 *citing Leyva*, 593 F.2d at 863-64.

**B.** **Granting a Stay of This Action Will Not Result in Damage or Hardship to Plaintiff and Instead Result in Simplifying the Issues, Proof, and Questions of Law in This Action.**

In deciding whether to grant a stay, a court must consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) *citing Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936); *Leyva*, 593 F.2d at 863-64. These factors weigh in favor of staying this action pending a decision by the Ninth Circuit on the Related Appeals.

It is clear that Plaintiff will suffer no damage as a result of a stay of this action. In fact, in at least seven of his other Reservations Rule cases, Plaintiff has stipulated—and even argued *in favor* of—a stay of the action pending a decision on one or more of the Related Appeals before the Ninth Circuit. *See* RJN 4, Ex. 4 (cases where Rafael Arroyo has stipulated to stay action pending the Related

Appeals); RJN 5, Ex. 5 (cases where Plaintiff argued in favor of a stay in his responses to the court's Order to Show Cause why the case should not be stayed, stating that "good cause exists for a stay of this case pending the Ninth Circuit decisions in the appeals").  In these pleadings, Plaintiff has made clear that he will not be prejudiced by a stay of the aforementioned actions.  This matter is identical in all relevant respects.  Plaintiff cannot articulate any harm he could suffer as a result of a stay in this matter that he could not articulate in any of his prior cases.

Second, both parties will suffer hardship if required to go forward with the case.  Without a stay of the action, the parties will expend significant time and resources on discovery and briefing summary judgment motions on the very issue that is already under review in the Related Appeals.  Further, the Court would expend resources reviewing and deciding questions of law that will be decided in the Related Appeals.  Denying a stay of the action will certainly result in a waste of both judicial resources and those of the parties.

Third, as noted above, a stay of the action to allow the Ninth Circuit to decide a question of law that is controlling in this action will greatly simplify the legal issues in this action after a decision is issued in the Related Appeals.

Therefore, all factors weigh in favor of staying this action until the Ninth Circuit issues its decisions on the Related Appeals.

## IV.  PLAINTIFF RAFAEL ARROYO IS JUDICIALLY ESTOPPED FROM ARGUING AGAINST A STAY OF THIS ACTION PENDING THE RELATED APPEALS

"Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008) (quoting *Rissetto v. Plumbers & Steamfitters Local 343,* 94 F.3d 597, 600 (9th Cir.1996)). "Judicial estoppel is an equitable doctrine that is intended to protect the integrity of the

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY
ACTION PENDING RELATED APPEALS BEFORE THE NINTH CIRCUIT COURT OF APPEALS

49185771_4.docx

judicial process by preventing a litigant from playing fast and loose with the courts." *Wagner v. Prof'l Eng'rs in Cal. Gov't,* 354 F.3d 1036, 1044 (9th Cir.2004) (internal quotation marks omitted). When determining whether judicial estoppel is warranted, courts look to three factors: (1) "a party's later position must be 'clearly inconsistent' with its earlier position"; (2) whether the party succeeded in its prior position, because "[a]bsent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations' "; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *United States v. Kim*, 806 F.3d 1161, 1167 (9th Cir. 2015) (citing *New Hampshire v. Maine,* 532 U.S. 742, 750–51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (citations omitted).

Here, Defendant preemptively invokes the doctrine of judicial estoppel to preclude Plaintiff from arguing against a stay of this action pending the Related Appeals in the Ninth Circuit. First, as described above, not only has Plaintiff previously stipulated to stay at least four nearly identical Reservations Rule cases pending one or more of the Related Appeals, Plaintiff has argued *in favor* of a stay of at least three cases pending the Related Appeals using the same arguments set forth in this Motion for a stay. Thus, any attempt by Plaintiff to argue *against* a stay of the action on the same grounds set forth in this Motion would be a "clearly inconsistent" position warranting judicial estoppel. *Kim,* 806 F.3d at 1167. As the courts in the seven cases in which Plaintiff stipulated to a stay or argued in favor of a stay of the action pending the Related Appeals actually stayed the actions pending the Related Appeals, Plaintiff "succeeded in its prior position". Thus, the second factor supporting the application of the doctrine of judicial estoppel is met.

By taking an inconsistent position regarding a stay of these actions, Plaintiff would derive an unfair advantage or impose an unfair detriment on the Defendant if not estopped. As mentioned above, Defendant will suffer hardship if the case is not

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY
ACTION PENDING RELATED APPEALS BEFORE THE NINTH CIRCUIT COURT OF APPEALS

stayed as it will be forced to expend resources on discovery and dispositive motions on a question of law that is already at issue before the Ninth Circuit. Further, given that Plaintiff has filed at least 84 nearly identical Reservations Rule cases, many of which are still pending in the United States District Courts and California state courts, allowing Plaintiff to take inconsistent positions on the necessity for a stay in these actions—including this action—pending the Related Appeals gives Plaintiff an unfair advantage of cherry-picking which cases will be stayed by the Court.

Accordingly, Plaintiff is judicially estopped from arguing against a stay of this action pending the Related Appeals in the Ninth Circuit Court of Appeals.

## V.   CONCLUSION

At issue in the Related Appeals is a question of law that is controlling in this action: what accessible information a hotel must provide on its reservation system in order to comply with Section 36.302(e). A stay of this action would not result in any harm to Plaintiff, but instead allow the parties to avoid hardship in expending resources in discovery and summary judgments on controlling legal issue that will be decided in the Ninth Circuit. Plaintiff, who previously stipulated to stay of four other Reservations Rule cases and argued *in favor of a stay* in at least three other cases, is judicially estopped from now arguing *against a stay* of the action pending the Related Appeals. For these reasons, the Court should stay this action until the Ninth Circuit issues a decision in the Related Appeals.

Respectfully submitted,

DATED: November 24, 2021       OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ J. Nicholas Marfori
      Amber L. Roller
      J. Nicholas Marfori

Attorneys for Defendant
DTPS C-12, LLC

11

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY ACTION PENDING RELATED APPEALS BEFORE THE NINTH CIRCUIT COURT OF APPEALS

49185771_4.docx