CENTER FOR DISABILITY ACCESS
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Elliott Montgomery, Esq., SBN 279451
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
elliottm @ potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rafael Arroyo**<br><br>         Plaintiff,<br><br>   v.<br><br>**DTPS C-12, LLC**, a California Limited Liability Company<br><br>         Defendants. | **Case No.** 5:21-cv-00023-JWH-SP<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO STAY ACTION**<br><br>**Date:** January 21, 2022<br>**Time:** 9:00 a.m.<br>**Ctrm:** Courtroom 2<br><br>Hon. John W. Holcomb |

**The Court Should Deny Defendant's Motion to Stay**

In April of 2021, Defendant moved to dismiss Plaintiff's Complaint. Dkt. 14. In that motion, Defendant argued "the accessibility information on [its Website] plainly meets or exceeds what this Court deemed sufficient to comply with Section 36.302(e)[.]" Dkt. 14-1 at 25. This Court disagreed, denying Defendant's motion because "the Hotel's website does not appear to provide all of the information that 'may be sufficient' under the DOJ Guidance, the Court cannot conclude at the pleading stage that Arroyo fails to state a claim as a matter of law." Dkt. 21 at 8-9.

Having lost its motion, Defendant now moves for an Order staying this action pending the appeal of six cases currently before the Ninth Circuit. While the law seemed settled enough to bring a motion to dismiss on the pleadings in April, Defendants now claim the Court "will lack controlling authority on this topic if the Court does not stay this matter." Dkt. 30-1 at 11. This sudden change in the status of the law is not a reflection of the changing status of the law, but of Defendant's transparent desire to delay litigation so a victory by the appellees in the pending appeals might bring them victory in this matter.

In deciding to stay a case, a court should consider (1) "the possible damage that may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one

else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936).

Defendant argues that it would be damaged if required to litigate pending six appeals:

- *Garcia v. Gateway Hotel*, Ninth Circuit Case No. 21-55227;[1]
- *Love v. Marriott Hotel Services. Inc.*, Ninth Circuit Case No. 21-15458;
- *Garcia v. E.L. Heritage Inn of Sacramento, LLC*, Ninth Circuit Case No. 21-15674;
- *Scherer v. SMI Hotel LLC, et al.*, Ninth Circuit Case No. 21-55815;
- *Marquez v. DiamondRock Hb Owner, LLC, et al.*, Ninth Circuit Case No. 21-55814; and
- *Garcia v. Apple Seven SPE San Diego, Inc.*, Ninth Circuit Case No. 21-55863.

In each of these cases, the district court found that merely providing the one-word label "accessible" on a hotel's website was sufficient to comply with 28 C.F.R. § 36.302(e)(1)(ii) ("Reservation Rule"). This Court rejected that finding at this early stage in litigation. Dkt. 21.

Plaintiff concedes that if the Ninth Circuit finds that merely labeling a room as "accessible" is sufficient under the Reservation Rule then Defendant would prevail in this matter. However, it is entirely possible that the Ninth Circuit may overturn those rulings holding that some other standard is necessary for hotel websites. In that event, it's unclear whether a ruling in *any* of those cases would be dispositive in the present matter. And

---

[1] There are currently two pending appeals in this matter, but only the first concerns the merits of Plaintiff's claim. The second appeal is of the District Court's award of costs.

1  merely "being required to defend a suit, without more, does not constitute
2  a 'clear case of hardship or inequity'." *Lockyer v. Mirant Corp.*, 398 F.3d
3  1098, 1112 (9th Cir. 2005). Granting a stay pending the outcome of
4  appeals will prolong this action without any guarantee that it could be
5  resolved without further litigation.

### Plaintiff Is Not Judicially Estopped

Ironically, Defendant also argues that it's Plaintiff who has changed his position by refusing to stay litigation after opposing a motion to dismiss. If any party could be judicially estopped from taking a clearly inconsistent position, it's the Defendant who first argued the law is clearly in its favor to then argue the opposite despite providing any intervening or superseding authority.

When determining whether judicial estoppel is warranted, courts look to three factors: (1) "a party's later position must be 'clearly inconsistent' with its earlier position"; (2) whether the party succeeded in its prior position, because "[a]bsent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations' "; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *United States v. Kim*, 806 F.3d 1161, 1167 (9th Cir. 2015) (citing *New Hampshire v. Maine,* 532 U.S. 742, 750–51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (citations omitted).

Plaintiff has articulated no prior position regarding a stay in this case. Had Defendant sought a stipulation to stay the case prior to filing a motion to dismiss, Plaintiff may well have agreed to it. Indeed, in the Stipulation submitted by Defendants in support of its motion, Plaintiff agreed that "In the absence of a stay, the Parties and the Court would likely expend

resources on briefing and deciding a motion to dismiss. If that motion were denied, the Parties would have to expend substantial resources on discovery, motions for summary judgment, and possibly a trial. All of these activities may be not be necessary depending on how the Ninth Circuit rules in the Appeals." Dkt. 31-4 at 7. But Defendants *did* bring a motion to dismiss in this matter, and both Plaintiff and this Court have already expended resources on briefing and deciding that motion, mitigating any potential benefit of a stay.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's motion for a stay. Should the Court stay the case, Plaintiff requests it be set with a specific deadline for when the stay will terminate. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Dated: December 21, 2021        CENTER FOR DISABILITY ACCESS

By: /s/ Elliott Montgomery
Elliott Montgomery, Esq.
Attorneys for Plaintiff